REQUESTED BY: Senator Carol M. Pirsch Nebraska State Legislature 1126 State Capitol Lincoln, Nebraska 68509
Dear Senator:
This is in response to your inquiry in which you ask whether the game of Keno would fit under the present definitions of bingo or lottery in the Nebraska statutes.
You state that you need this information for the possible drafting of legislation.
Section 9-127 (Supp. 1983), effective August 26, 1983 defines bingo as follows:
 (1) The winning chances are determined by a random selection of a subset of numbers or designators or objects numbered, lettered, or otherwise designated by some medium among a total set of numbers or designators or objects numbered, lettered, or otherwise designated by some medium; and
 (2) The card or cards held by the player by which a winner or winners are ascertained is sold, rented, or used only at the time and place of the gambling activity.
You have described the game of Keno as follows:
 Basically, the game starts with a blank card on which the player writes done sic five numbers within a certain group of numbers, i.e. 1-50. The card is then turned in and the operator draws numbers at random, consecutively. If the player's numbers are drawn within a certain amount of numbers, he wins. The fewer numbers drawn for the win, the more money is won. The times necessary to draw determine the amount won.
As in the definition in § 9-127 above, the winning chances in the game you describe are determined by a random selection of a subset of numbers among a total set of numbers and the card held by the player is used only at the time and place of the gambling activity.
In view of the broad definition in the above section, it is our opinion that Keno as described would come therein and would therefore be subject to the provisions of the Nebraska Bingo and Pickle Card Regulatory Act, of which the above section is a part.
Lottery is defined by § 28-1101(6) (Supp. 1983) as follows:
 Lottery shall mean a gambling scheme in which (a) the players pay or agree to pay something of value for chances, represented and differentiated by numbers or by combinations of numbers or by some other medium, one or more of which chances are to be designated the winning ones, (b) the winning chances are to be determined by a drawing or by some other method based on an element of chance, and (c) the holders of the winning chances are to receive something of value.
In Contact, Inc. v. State, 212 Neb. 584,324 N.W.2d 804 (1982) the Supreme Court of Nebraska, interpreting identical language to that quoted above contained in 28-1101(6) held that the necessary elements of a lottery in said definition were chance, prize, and consideration.
Therefore, it seems clear, that the game of Keno, as well as bingo, would fall within the definition of a lottery when the players agree to pay something of value for the chance to play.
While you did not inquire, we should further point out that under § 28-1101(4) a person engages in gambling if he conducts or participates in any bingo not authorized or conducted pursuant to the Nebraska Bingo and Pickle Card Regulatory Act.
Since Keno, as defined herein, would come within the definition of either bingo or lottery, it cannot be legally played when a prize is awarded and consideration is charged to a player, except pursuant to the Nebraska Bingo and Pickle Card Regulatory Act.
Respectfully Submitted, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General